LAW OFFICE OF PETER A. ROMERO PLLC
Peter A. Romero, Esq.
103 Cooper Street
Babylon, New York 11702
(631) 257-5588
promero@romerolawny.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------- :

SAUL ORELLANA, on behalf of himself and all other : 
persons similarly situated, :

                             Plaintiff, :

                                           : **COMPLAINT**
   -against- :

                                    : Collective and Class Action

GRAND LUX CAFÉ LLC, :
                    Defendant. :
            :
--------------------------------------------------------------------- :

Plaintiff, SAUL ORELLANA ("Plaintiff"), on behalf of himself and on behalf of all other

persons similarly situated, by and through his counsel, the Law Office of Peter A. Romero PLLC,

complaining of the Defendant, GRAND LUX CAFÉ LLC ("Defendant") alleges as follows:

<u>**NATURE OF THE ACTION**</u>

1.     The Defendant is engaged in the restaurant business. The Plaintiff and similarly

situated employees performed non-exempt work for the Defendant. Plaintiff and similarly situated

employees regularly worked more than forty hours in a workweek, but were not paid overtime in

violation of the Fair Labor Standards Act and the New York Labor Law.

2.     Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA"), on behalf of himself and all similarly situated current and former employees who elect to opt into this action pursuant to the collective action provision of FLSA 29 U.S.C. §216(b).

3.     Plaintiff also brings this action on behalf of himself and similarly situated current and former employees pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid minimum wages, overtime wages, spread of hours pay, and statutory damages under the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5.     In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. §216(b).

6.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391.

7.     Defendant does business in the State of New York, within the Eastern District of New York, and maintains a place of business at 630 Old Country Road, Garden City, New York 11530.

## PARTIES

8.     The Defendant, Grand Lux Café LLC, is a Nevada limited liability company doing business in Garden City, New York.

9.     At all times relevant, Defendant, Grand Lux Café LLC, was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

2

10.    At all times relevant, Defendant, Grand Lux Café LLC, is engaged in the restaurant business and is an "enterprise engaged in commerce" within the meaning of the FLSA in that it (1) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (2) has and has had an annual gross volume of sales of not less than $500,000.00.

11.    At all times relevant, Defendant, Grand Lux Café LLC, has "employees engaged in commerce or in the production of goods for commerce, or…has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce" as required by the FLSA.

12.    Defendant's restaurant requires a "wide variety" of materials that have moved through interstate commerce such as foodstuffs, kitchen utensils, cooking vessels, cleaning supplies, paper products, furniture, and more.

13.    At all relevant times, Plaintiff was a non-exempt employee of the Defendant from in or about April 2007 to in or about March 2018 and an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

14.    Plaintiff's duties included bussing tables and washing dishes.  In performing his duties, Plaintiff handled or worked with goods, such as grains, beef, poultry, fish, cheese, dairy products and cookware and cooking utensils which undoubtedly moved in interstate commerce.

15.    At all times relevant, Defendant, Grand Lux Café LLC, was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

3

## STATEMENT OF FACTS

16.     The Plaintiff performed non-exempt duties for the Defendant.  Plaintiff's primary job duties included bussing tables and washing dishes.

17.     Throughout his employment with Defendant, Plaintiff regularly worked more than forty hours in a workweek.

18.     Plaintiff regularly worked Wednesday and Thursday from 4:00 p.m. until 12:30 a.m. and sometimes later.  Plaintiff regularly worked Friday and Saturday from 4:00 p.m. until 2:00 a.m. and sometimes later.  Plaintiff regularly worked Sunday from 3:00 p.m. until 12:30 a.m. and sometimes later.

19.     Plaintiff worked more than 40 hours in most workweeks in which he was employed by Defendant but was not paid overtime.

20.     Plaintiff's managers regularly required Plaintiff to punch out and to continue working "off the clock."  Plaintiff's managers instructed him not to report more than 40 hours in any workweek.  Plaintiff was warned that if he reported more than 40 hours, he would be denied shifts in the future.

21.     Defendant willfully disregarded and purposefully evaded record keeping requirements of the FLSA by failing to maintain accurate records of the hours worked by and wages paid to Plaintiff.

22.     Defendant failed to furnish Plaintiff with a statement with every payment of wages accurately listing the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked in violation of New York Labor Law §195(3).

23.     Defendant failed to pay Plaintiff at the rate of one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours per week.

24.     When Plaintiff worked as a busser, Defendant claimed a tip credit toward its obligation to pay Plaintiff not less than the statutory minimum wage rate.

25.     Upon information and belief, Defendant failed to provide Plaintiff notice written in his primary language prior to hire informing him of his regular hourly pay rate, overtime hourly pay rate, the amount of tip credit to be taken form the basic minimum hourly rate, the regular pay day, and advising him that extra pay is required if tips are insufficient to bring the employee up to the basic minimum hourly rate in violation of Section 195(1) of the New York State Labor Law and 12 N.YC.R.R. §146-2.2.

26.     When Plaintiff worked as a dishwasher, Defendant paid him a flat rate of $75.00 per shift, regardless of the actual number of hours Plaintiff worked.  Thus, Defendant paid Plaintiff on a basis other than an hourly basis in violation of 12 N.Y.C.R.R. §146-2.5.

27.     Throughout his employment with Defendant, Plaintiff often worked more than 10 hours in a single day.

28.     Defendant failed to pay Plaintiff spread-of-hours pay for each day in which his spread of hours exceeded 10 in violation of 12 N.Y.C.C.R. §146-1.6.

29.     Defendant paid Plaintiff, a manual worker, on a bi-weekly basis in violation of New York Labor Law §191.

30.     Defendant failed to post notices explaining wage and hour requirements in conspicuous places as required by the FLSA, 29 C.F.R. §516.4  and the New York Labor Law, N.Y. Comp. Codes R. & Regs. 12 §146-2.4.

## COLLECTIVE ACTION ALLEGATIONS

31.     At all relevant times, Plaintiff and the other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay

provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for all hours worked in excess of forty (40) each week.

32.    Plaintiff brings FLSA claims on behalf of himself and all non-exempt employees of Defendant who give their consent, in writing, to become plaintiffs and who performed duties including, but not limited to, preparing and/or cooking food, washing dishes, unloading trucks, cleaning and/or maintaining the premises, bussing tables and serving food at any time during the three (3) years prior to the filing of their respective consent forms.

33.    Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendant' current and former employees' interests as well as his own interest in bringing this action.

34.    Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. §216(b) on behalf of himself and all similarly situated persons who work or have worked for Defendant at any time during the three (3) years prior to the filing of their respective consent forms.

35.    The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendant.  These similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. §216(b).  Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiffs, who have been unlawfully deprived of overtime pay and minimum wage in violation of the FLSA, will be unable

to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendant.

## RULE 23 CLASS ACTION ALLEGATIONS
## NEW YORK STATE LABOR LAW

36.     Plaintiff brings New York Labor Law claims on behalf of himself and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendant in non-exempt positions as at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

37.     The Class Members are readily ascertainable.  The number and identity of the Class Members are determinable from the records of Defendant.  The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendant' records.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant.  Notice can be provided by means permissible under F.R.C.P. Rule 23.

38.     The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.  Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendant, upon information and belief there are over forty (40) individuals who are currently, or have been, employed by the Defendant in non-exempt positions at any time during the six (6) years prior to the filing of this Complaint.

39.     Defendant has acted and/or has refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

40.     There are questions of law and fact common to the Class which predominate over

any questions affecting only individual class members, including:

(a)     whether Defendant failed and/or refused to pay the Plaintiff and Class
        Members the minimum wage for all hours worked;

(b)     whether Defendant failed to to provide Plaintiff and Class Members prior
        to hire with notice written in their primary language setting forth their
        regular rate of pay, overtime rate of pay, the amount of tip credit to be taken
        form the minimum wage rate, and stating that extra pay is required if tips
        are insufficient to bring them up to minimum wage;

(c)     whether Defendant failed and/or refused to pay the Plaintiff and Class
        Members the overtime wages for hours worked in excess of forty hours in
        a single workweek;

(d)     whether Defendant failed and/or refused to pay the Plaintiff and Class
        Members spread-of-hours pay when their spread of hours exceeded 10;

(e)     whether Defendant failed to keep and maintain true and accurate payroll
        records for all hours worked by Plaintiffs and the Class;

(f)     whether Defendant' policies, practices, programs, procedures, protocols,
        and plans regarding keeping and maintaining payroll records complied with
        the law;

(g)     whether Defendant failed to furnish the Plaintiff and Class members with
        an accurate statement with every payment of wages, listing hours worked,
        rates of pay, gross wages, and deductions and allowances, as required by
        law;

(h)     whether Defendant failed to pay Plaintiffs and Class Members on a weekly
        basis and within seven days of the wages earned;

(i)     what was the nature and extent of the Class-wide injury and the appropriate
        measure of damages for the class; and

(j)     whether Defendant's general practice of failing and/or refusing to pay
        Plaintiff and Class minimum wage, overtime and spread-of-hours pay was
        done willfully and/or with reckless disregard of the federal and state wage
        and hour laws.

41.     Plaintiff's claims are typical of the claims of the Class that he seeks to represent.

Defendant failed to pay minimum wage, failed to pay overtime wages, failed to pay spread-of-

hours pay, failed to pay workers within seven days of the wages earned, and failed to maintain required and accurate records of the hours worked by Plaintiff and the Class.

42.     Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.  All the Class Members were subject to the same corporate practices of Defendant. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member.  Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

43.     Plaintiff is able to fairly and adequately protect the interests of the Class, has no interests antagonistic to the Class and has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

44.     A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant.

45.     Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources. Treating the claims as a class action would result in a significant savings of these costs.

46.     The members of the Class have been damaged and are entitled to recovery as a result of Defendant' common and uniform policies, practices, and procedures. Although the

relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.   In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant' practices.

47.     Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT: OVERTIME WAGES

48.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

49.     Defendant employed Plaintiff and Collective Action Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular rate, in violation of the FLSA.

50.     Defendant's violations of the FLSA, as described in this Complaint have been willful and intentional.  Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other similarly situated current and former employees.

51.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

52.     Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are

10

entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW: MINIMUM WAGES

53.     Plaintiffs allege and incorporates by reference all allegations in all preceding paragraphs.

54.     Defendant paid Plaintiff and Class Members less than the basic minimum hourly rate for each hour worked.

55.     Defendant failed to provide Plaintiff and Class Members with written notice of the amount of tip credit to be taken from the minimum wage rate.

56.     By Defendant's failure to pay Plaintiffs and the Rule 23 Class Members minimum wages for all hours worked it has willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 146.

57.     Plaintiff and the Rule 23 Class Members are entitled to recover from Defendant their unpaid wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF
## NEW YORK LABOR LAW: OVERTIME WAGES

58.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

59.     Plaintiff and Class Members were not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation

11

60.     Defendant employed Plaintiff and Class Members for workweeks longer than forty (40) hours and willfully failed to compensate them for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times their regular rate in violation of New York Labor Law.

61.     By Defendant's failure to pay Plaintiff and the Rule 23 Class Members overtime wages for hours worked in excess of 40 hours per week, it has willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

62.     Plaintiffs and the Rule 23 Class Members are entitled to recover from Defendant their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### FOURTH CLAIM FOR RELIEF
### NEW YORK LABOR LAW: SPREAD OF HOURS

63.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

64.     Defendant willfully failed to pay Plaintiff and Class Members one additional hour pay at the basic minimum wage rate before allowances for each day the spread of hours exceeded ten (10) in violation of New York Labor Law.

65.     Plaintiffs and Class Members are entitled to recover from Defendant spread of hours pay, plus interest, liquidated damages, reasonable attorneys' fees and the costs of this action.

### FIFTH CLAIM FOR RELIEF
### NEW YORK LABOR LAW: FREQUENCY OF PAYMENT

66.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

12

67.     Plaintiff and Class Members were manual workers as defined by the New York Labor Law.

68.     Defendant was required to pay the Plaintiff and Class Members on a weekly basis and no later than seven days after the end of the workweek in which the wages were earned.

69.     Defendant failed to pay Plaintiff and Class Members on a weekly basis and instead paid Plaintiff and Class Members bi-weekly or semi-monthly in violation of Labor Law §191.

70.     Plaintiff and Class Members are entitled to statutory damages equal to the total of the delayed wages.

## SIXTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW: WAGE NOTICE

71.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

72.     Defendant failed to provide Plaintiff and Class Members upon hire with written of their rate of pay and other information required by New York Labor Law §195(1).

73.     Plaintiff and Class Members are entitled to recover statutory damages from Defendant.

## SEVENTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW: WAGE STATEMENTS

74.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

75.     Defendant failed to furnish Plaintiffs and Class Members with a statement with every payment of wages accurately listing the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked as required by New York Labor Law §195(3).

76.     Plaintiff and Class Members are entitled to recover statutory damages from Defendant.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i)     Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

(ii)    Unpaid minimum wages, overtime wages, spread of hours pay, liquidated damages, interest and statutory damages for violations pursuant to the New York Labor Law;

(iii)   Certification of this case as a collective action under 29 U.S.C. §216(b) and a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(iv)    Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

(v)     Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations;

(vi)    All attorneys' fees and costs incurred in prosecuting these claims; and

(vii)   Such other relief as this Court deems just and proper.

Dated: Babylon, New York
       May 8, 2018

                              LAW OFFICE OF PETER A. ROMERO PLLC

            By:    _____
                              Peter A. Romero, Esq.
                              103 Cooper Street
                              Babylon, New York 11702
                              Tel. (631) 257-5588
                              promero@romerolawny.com

## **CONSENT TO SUE**

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Grand Lux Café, LLC, to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq.  I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action.  I hereby authorize the Law Office of Peter A. Romero to represent me in this case.  This document has been read to me in my native language of Spanish.

_____
SAUL ORELLANA

09/04/18
Date